# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE PIPELINE<br>CONSTRUCTION, LLC[1], and<br>JUAN SANCHEZ[2],<br><br>    Defendants. | Case No. CIV-14-362-RAW |

## ORDER & OPINION[3]

On October 24, 2014, Plaintiff filed his fifty-seven (57) page Amended Complaint in this *pro se*[4] action. Plaintiff seeks $6,500,000 in damages for claims of negligence, conspiracy, civil assault, civil battery, medical malpractice, unlicensed practice of medicine, civil rights violations, Fourth Amendment violations, age discrimination, libel, defamation of character,

---

[1] This Defendant was incorrectly named "Progressive Pipeline Company, LLC."

[2] The parties inform the court that Abel Vellereal was misnamed in this action as Juan Sanchez. As the parties do in their briefs, the court will refer to him as "Abel" herein.

[3] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[4] The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

RICO and racketeering.[5] Docket No. 20, pp. 48 and 52-53. Plaintiff attached fourteen (14) exhibits to his Amended Complaint, including emails, photographs and information regarding Abel's vehicle. As the court has previously mentioned, the Amended Complaint is difficult to decipher, but the court was able to glean that all of his claims are based on his allegation that Abel stuck him with a sharp object and injected him with a substance that caused detriment to Plaintiff for almost a year.[6] Id. at 4-5.

Now before the court is the motion for summary judgment filed by Progressive [Docket No. 109]. Also pending are Plaintiff's motion for sanctions [Docket No. 118], motion in limine [Docket No. 122] and "motion in Daubert" [Docket No. 123] and Defendant's motion in limine [Docket No. 121]. For the reasons set forth below, the motion for summary judgment is granted, the motion for sanctions is denied and the remaining motions are moot.[7]

## MOTION FOR SANCTIONS

Plaintiff requests that the court sanction Richard Wassal and strike Stacie Hixon as counsel in this case. He argues that Ms. Hixon was "improperly brought aboard this civil action" when she entered an appearance and filed the motion for summary judgment on January 8, 2016. He argues that Exhibit 2 to the summary judgment motion, which is also Exhibit 5 to the Amended Complaint, amounts to "spoliation of evidence" and that her involvement in this action is "tortuous (sic) interference." He argues that Mr. Wassall did not inform him or have an

---

[5] It is not clear from the Amended Complaint which claims Plaintiff intends to pursue against which Defendant; thus, the court includes them all.

[6] At the time, Plaintiff was employed by the previously dismissed defendant Onshore Quality Control Specialist, LLC (hereinafter "Onshore") and Abel was allegedly employed by Defendant Progressive Pipeline Company LLC (hereinafter "Progressive"). They were working on a project for ONEOK Partners (hereinafter "ONEOK").

[7] The court notes that although it denied Plaintiff's motion to exceed the page limitation, it has considered Plaintiff's supplements [Docket Nos. 120 and 129].

informal conference as required by Local Civil Rule 7.1(g) regarding Ms. Hixon being "admitted to being on board this case." Plaintiff states that he considers Ms. Hixon's entry into this action and filing of the summary judgment motion to be "full of shady impropriety" and that it was done to undermine the settlement conference. He also complains that he was not given a copy of his deposition and restates his objections regarding the tape recorder and SD card used at his deposition, previously heard and overruled by this court at the discovery dispute hearing held on December 9, 2015.

Plaintiff has offered no evidence to show any "spoliation of evidence" and "tortious interference." Plaintiff may purchase a copy of his deposition from the court reporter; he is not entitled to a free copy from Defendants. Local Civil Rule 7.1(g) does not require an informal conference before an attorney enters an appearance in a case. Of course, Progressive is permitted to have more than one attorney enter this action on its behalf. Additionally, not only are Defendants permitted to file dispositive motions, it is the usual practice in civil litigation. For these and the reasons stated in Progressive's response to the motion for sanctions, Plaintiff's motion for sanctions is DENIED.

## SUMMARY JUDGMENT STANDARD

The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." Kimzey v. Flamingo Seismic Solutions, Inc., 696 F.3d 1045, 1048 (10th Cir. 2012). The court's function is "to determine

whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

"Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003) (citation omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, the court "need not consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**UNDISPUTED MATERIAL FACTS**

In 2013, Plaintiff was employed by Onshore as an inspector and working on a project for ONEOK. Lewis Depo, Docket No. 109, Exh. 1, pp. 2-3. Progressive was also a contractor on that project. Id. at 5. Plaintiff alleges that while working on that project, one of Progressive's employees, Abel, hit or slapped him on the back of his right shoulder, held his hand there, looked around Plaintiff's left shoulder and said, "How you doing, old buddy?" Id. at 8. Plaintiff states that about 30 to 45 seconds later, he told Abel he felt like he was going to pass out and then he went to his truck. Id. at 10-11. Plaintiff states he stayed in his truck for an hour or two and felt normal by the end of the day. Id. at 14-15. Plaintiff states he felt a puncture on his back the next day. Id. at 15. Plaintiff states that within the next couple of days, he started getting headaches and this is when he concluded that Abel had injected him with something. Id. at 16.

4

Plaintiff included a photograph taken days before the incident that he argues shows Abel sticking another employee in the back with a needle. Docket No. 20, Exh. 5. The court has examined the photograph and does not see any needle therein.[8]

**ANALYSIS**

As stated above, in his Amended Complaint, Plaintiff alleges several claims, including: negligence, conspiracy, civil assault, civil battery, medical malpractice, unlicensed practice of medicine, civil rights violations, Fourth Amendment violations, age discrimination, libel, defamation of character, RICO and racketeering.[9] At this stage, Plaintiff must have evidence to support his claims. As is clear from the Amended Complaint as well as Plaintiff's other filings, at the core of each and every claim is his allegation that Abel stuck him with a needle containing a substance that caused him harm. Accordingly, if Plaintiff has failed to create a genuine issue of material fact with regard to that allegation, his claims fail.[10]

The only material facts before the court with regard to Plaintiff's allegation that he was injected by Abel are: Abel hit Plaintiff on the back; Plaintiff states he felt like he was going to pass out soon afterwards, but felt normal by the end of the day; Plaintiff states he felt a puncture on his back the next day; and Plaintiff states he began having headaches within a couple of days,

---

[8] Progressive attached this photo as Exhibit 2 to its motion for summary judgment. In his response, Plaintiff argues that the photo was "altered and innocuous by the defense or its counsel" "more than once" and "not long after Onshore received the first submission." To the extent Plaintiff believes Progressive's submission of the photo was different than his, the court assures Plaintiff it examined the one he attached to his Amended Complaint. To the extent Plaintiff believes that the one he submitted was altered after he filed it with the court, he has offered no evidence of such, nor does the court believe that to be possible.

[9] While the Amended Complaint is long, it is packed with conclusory allegations, and many if not most of the claims would not withstand a motion to dismiss.

[10] For the sake of brevity, the court does not list the elements of each claim herein. Of course, the court has considered them.

5

so concluded that Abel must have injected him with something. This alone is not enough to create a genuine issue of material fact. Viewing this evidence in the light most favorable to Plaintiff, a reasonable person could not jump to the conclusion that Abel stuck him with a needle containing a substance that caused him harm.

Moreover, other than the fact of Abel slapping Plaintiff on the back, the remainder are simply Plaintiff's statements. At this stage, Plaintiff must have evidence beyond his own statements to support his allegations. Incredibly, Plaintiff has not produced any medical records to support his allegations. Given the nature of his allegations, that failure alone would likely be enough to dispose of this action. Furthermore, Plaintiff's acknowledgement of the lack of evidence is overwhelming. While Plaintiff *believes* Abel injected him with something, Plaintiff did not see Abel inject him or even see a needle. Lewis Depo, Docket No. 109, Exh. 1, pp. 11-13 and 31. Plaintiff did not see Abel carrying anything after he hit him or see anything on the ground. Id. at 13 and 32. Plaintiff cannot identify the chemical Abel allegedly injected into him. Id. at 13.

While a nurse later found a lump on his back, she did not find a puncture wound. Id. at 18. While Plaintiff took blood and "expanded" drug tests, no foreign chemical was found. Id. at 20. Plaintiff had no previous altercations with Abel. Id. at 9. Plaintiff *believes* that Progressive could have been involved because someone asked him before the incident whether he was ready to retire, but Plaintiff has provided no evidence that Progressive was involved.

Beliefs, guesses, speculation and conclusory allegations are not enough to survive a motion for summary judgment. Viewing the evidence in the light most favorable to Plaintiff, a reasonable person could not find that a Progressive employee stuck him with a needle and injected him with a substance. Progressive's motion is hereby GRANTED.

**CONCLUSION**

Accordingly, the motion for summary judgment [Docket No. 109] is hereby GRANTED. The motion for sanctions [Docket No. 118] is DENIED. The remaining motions [Docket Nos. 121, 122 and 123] are moot.

**IT IS SO ORDERED** this 12th day of February, 2016.

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma